Lilys D. McCoy (Cal. State Bar No. 156918)
E-mail: ldm@mtrlaw.com
MCCOY, TURNAGE & ROBERTSON, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel: (858) 300-1900
Fax: (858) 300-1910

William F. Horn (*Pro Hac Vice*)
Email: bill@wfhlegal.com
LAW OFFICE OF WILLIAM F HORN
188-01B 71st Crecent
Fresh Meadows, New York 11365
Tel: (718) 785-0543
Fax: (866) 596-9003

Attorneys for Plaintiff, Sergio Cedeno, and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SERGIO CEDENO, an individual; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF COLLECTION RECOVERY, INC., a Minnesota Corporation; *et al.*,<br><br>Defendants. | Case No.: 8:10-cv-01960-JVS (FFMx)<br><br>**NOTIICE OF CONSENT MOTION AND CONSENT MOTION FOR AN ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND INJUNCTIVE RELIEF**<br><br>Hon. James V. Selna<br><br>Date: September 24, 2012<br>Time: 1:30 p.m.<br>Courtroom 10C |

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

PLEASE TAKE NOTICE that on September 24, 2012, at 1:30 p.m., in the courtroom of the Honorable James V. Selna, Judge of the United States District Court, Central District of California, located at Courtroom "10C" at 411 West Fourth Street

in Santa Ana, California, Plaintiff Sergio Cedeno ("Plaintiff") will respectfully move this Court Plaintiff, SERGIO CEDENO, on behalf of himself and all others similarly situated, hereby moves this Court pursuant to Fed. R. Civ. P. 23(b)(2) for an order granting final approval of class action Stipulation of Settlement and for injunctive relief[1].

This motion is further supported by Plaintiff's Memorandum of Law and the Declaration of William Horn, both filed separately, and all other pleadings and papers on file herein, and any other documentary or testimonial evidence which may be presented at the hearing on this matter.

In support of his motion, the Plaintiff respectfully shows the following:

## 1. PROCEDURAL HISTORY AND FACTS

1.01. Plaintiff filed this lawsuit on December 27, 2010. Plaintiff is a consumer who allegedly became delinquent on a consumer debt. Plaintiff contends that in attempting to collect the consumer debt from him, and the proposed settlement class he seeks to represent, Defendant left "pre-recorded" telephone voice messages for him that violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA") and the California Fair Debt Collection Practices Act, Cal. Civ. Code §§1788, *et seq.* ("RFDCPA").

1.02. The Plaintiff alleges that Defendant's telephone messages failed to provide meaningful identification of the caller in violation of 15 U.S.C. §1692d(6), and that the messages also failed to give the disclosures required by 15 U.S.C. §1692e(11). The Plaintiff further alleges that this same conduct constitutes a violation of and Cal. Civ. Code §§ 1788.11(b) and 1788.17.

1.03. On April 29, 2012, after extensive arms-length negotiations, conferences and written discovery, the Parties entered into a Stipulation of

[1] As used in this Motion, all capitalized terms shall have the meanings and definitions set forth in Section 1 of the Stipulation of Settlement, which is attached hereto as ***Exhibit A.***

Settlement to resolve the Action on a class basis. [Doc. 22-1]. On May 4, 2012, the Plaintiff filed a motion for class certification and for injunctive relief.[Doc. 22].

1.04. On June 18, 2012, the Court entered an Order Conditionally Certifying the Class and Granting Preliminary Approval of the Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). [Doc. 23]. The Court found, under Fed. R. Civ. P. 23(b)(2), notice to the Settlement Class Members was unnecessary; however, based on terms of the Stipulation, ordered Defendant to place a summary advertisement notifying the Settlement Class members of the Settlement in one weekday edition of *The Orange County Register*, at least two weeks before the final fairness hearing. [*Id.* at §III.C]. Settlement Class members will then have an opportunity to opt-out of, or object to, the Settlement. [*Id.*]. The Court found that the Parties' Notice plan, which is not required, is fair, adequate, and reasonable. [*Id.*].

1.05. Under Fed. R. Civ. P. 23(e), the Parties now seek final certification and approval of the proposed Stipulation of Settlement. Specifically, the Parties request the Court enter the Final Order and Judgment (hereinafter referred to as the "Final Approval Order"), which is filed herewith.

## 2. CLASS SETTLEMENT AGREEMENT

2.01. The Stipulation was previously filed with this court in support of the Consent Motion for Preliminary Approval. The significant terms of the proposed settlement are as follows:

2.02. Certification of a Fed. R. Civ. P. 23(b)(2) Injunction Class: Pursuant to Fed. R. Civ. P. 23(b)(2), the Parties seek final certification of the following class of plaintiffs (hereinafter referred to as the "Settlement Class"):

> [A]ll residents of the State of California who received a voice message left by Defendant on a telephone answering device where such message did not provide meaningful identification of Defendant as the caller, state the purpose or nature of the communication, or disclose

> that the message was left by a debt collector within one year of the date the action was filed and up through and including the date of preliminary certification of the proposed settlement class. [Doc. 23 at §III.C].

2.03. Class Representative and Class Counsel Appointment: The Court preliminarily appointed Plaintiff as appropriate and adequate representative for the Settlement Class and Lilys D. McCoy and William F. Horn, as counsel for the Settlement Class. [Doc. 23 at §II.A.4]. Plaintiff requests that the Court finally appoint Plaintiff as Settlement Class Representative Plaintiff and Lilys D. McCoy and William F. Horn, as Settlement Class Counsel.

2.04. Exclusions and Objections: Notwithstanding the provisions of Fed. R. Civ. P. 23(b)(2), pursuant to the Parties' Stipulation Settlement Class Members were permitted to exclude themselves from the settlement. Settlement Class Members were also permitted to file objections to the fairness of the settlement. Settlement Class Member were required to opt-out of the settlement, or file a written objection with the Court, by August 23, 2012. [Doc. 23 at §IV]. Any such Settlement Class Member was required, within the same time period, to provide a copy of the written objection and opt-out to Settlement Class Counsel and counsel for Defendant. Neither Defendant nor Settlement Class Counsel received any out-outs or objections.

2.05. Injunction: As explained above, the proposed settlement class is a Rule 23(b)(2) injunction class. The Settlement Class, and other prospective consumers, will receive the benefit of a permanent injunction requiring Defendant to use its best efforts to ensure it identifies itself by its legal name in all telephone messages left for consumers in the State of California, and to disclose the call is from a debt collector and concerns the collection of a debt. [Doc. 22-1, at ¶ 2.3(c)]. As part of the injunction, Settlement Class Counsel shall be entitled to recover their reasonable attorney fees and costs if they are required to pursue any action

necessary to enforce the terms of the stipulated injunction. [*Id*]. The Court shall decide the final terms of the stipulated injunction at the Final Fairness Hearing. [*Id*].

2.06. Settlement Class Representative Plaintiff's Individual Relief: The $2,000.00 as statutory damages under 15 U.S.C. §1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b), and an additional $1,000.00 in recognition for his services to the Settlement Class Members. [*Id.* at ¶ 2.3(a)].

2.07. *FDCPA Class Relief*: Defendant will make a *cy pres* award of $30,000.00, which represents the maximum class recovery permitted under the FDCPA (i.e. 1% of Defendant's net worth), as a *cy pres* payment to one or more national charitable organizations without any religious or political affiliations. [*Id.* at ¶¶F and 2.3(b)]. Subject to the Court's approval, the Settling Parties propose that the recipient(s) of the FDCPA *cy pres* payment will be the National Consumer Law Center, which is a national organization that provides assistance to low-income and vulnerable Americans on, inter alia, issues involving consumer fraud, debt collection, consumer finance, energy assistance programs, predatory lending, and sustainable home ownership programs. [*Id*].

2.08. *RFDCPA Class Relief*: Defendant will make an additional *cy pres* award of $30,000.00, which represents the maximum class recovery permitted under the RFDCPA (i.e. 1% of Defendant's net worth), as a *cy pres* payment to one or more California charitable organizations without any religious or political affiliations. [*Id.* at ¶¶F and 2.3(c)]. Subject to the Court's approval, the Settling Parties propose that the recipient(s) of the RFDCPA *cy pres* payment will be the Legal Aid Association of California, which is a statewide membership organization of legal services nonprofits, that serves and strengthens its members through advocacy, training, and support in their efforts to provide critical legal assistance to low-income Californians and ensure equal access to justice. [*Id*].

2.09. Attorneys' Fees, Costs and Expenses: Defendant agrees that Settlement Class Representative Plaintiff is the successful party in this Action and

further agrees to pay reasonable attorneys' fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30(c). [*Id.* at ¶2.3(e)]. Settlement Class Counsel will accept the amount of fees and expenses awarded by the Court in full satisfaction of reasonable attorney's fees and costs arising out of this lawsuit and enforcement of the injunction and will not request additional fees from Defendant, Settlement Class Representative Plaintiff, or any Settlement Class Member. [*Id.*]. The Parties reserve the right to settle the issue of reasonable attorney's fees and costs. [*Id.*].

## LEGAL ARGUMENT

### *A. The Proposed Settlement Satisfies the Rule 23(a) and (b) Requirements.*

Fed. R. Civ. P. 23(a) sets forth the prerequisites for class certification: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *Blake v. Arnett*, 663 F.2d 906, 912 (9th Cir. 1981). "In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (b)(2), or (b)(3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. at 614; *see also, In re: Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 133 (2nd Cir. 2001). A class may be certified under Rule 23(b)(2) when the defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief . . . with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ___, 131 S. Ct. 2541, 180 L. Ed. 2d 374, 396 (2011).

Here, the Court already preliminarily ruled the proposed settlement satisfies the Fed. R. Civ. P. 23(a) and (b)(2) prerequisites. [Doc. 22]. As stated above, no objections were filed since that ruling, and so the Court should finally rule the

settlement satisfies the Fed. R. Civ. P. 23(a) and (b)(2) requirements.

***B. The Proposed Settlement Is Fundamentally Fair, Reasonable, and Adequate***

"The settlement of a class action requires court approval." *In re Global Crossing Securities and ERISA Litigation*, 225 F.R.D. 436, 455 (S.D.N.Y. 2004). "If the [proposed settlement] would bind class members, the court may approve it only after a hearing and finding it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). "As a general policy matter, federal courts favor settlement, especially in complex and large-scale disputes, so as to encourage compromise and conserve judicial and private resources." *In re Global Crossing*, 225 F.R.D. at 455.

In evaluating a settlement, the court must consider the "substantive terms of the settlement compared to the likely result of a trial." *Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir. 1983). In the Ninth Circuit, courts examine the fairness, adequacy, and reasonableness of a class settlement according to the following factors: (1) strength of plaintiffs' case; (2) risk, expense, complexity, and likely duration of further litigation; (3) risk of maintaining class action status throughout trial; (4) amount offered in settlement; (5) extent of discovery completed and stage of proceedings; (6) experience and views of counsel; (7) presence of governmental participant; and (8) reaction of class members to proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d at 1026. Application of these factors confirms the Court should approve the settlement.

***1. Strength of Plaintiff's Case.***

An important consideration in judging the fairness and adequacy of a class action settlement is the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement. In balancing those concerns, a court considers the probable amount the class would obtain if the action were prosecuted to its conclusion. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (proposed settlement may be adequate even though it amounts to only fraction of potential recovery). Here, the strength of Plaintiff's case is shown by virtue of the

fact that Plaintiff recovered the maximum damages available to the class under the FDCPA and RFDCPA, as well as a permanent injunction which relief is not available to private litigants under the FDCPA or RFDCPA. In short, the strength of Plaintiff's case is demonstrated by the fact that he was able to recover more from the Defendant than the class could have received had the class fully litigated its claims.

**2. *The Complexity, Expense, and Likely Duration of Further Litigation/The Risks of Maintaining the Class Action Through Trial.***

The likelihood of success for the class members if they proceeded to trial is uncertain. The class claims and defenses involve complex legal issues and Defendant has raised defenses to the class claims, which Defendant avers would ultimately defeat the claims of the putative class. Settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the case, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

**2. *The Amount Offered in Settlement and Extent of Discovery Completed and Stage of Proceedings.***

Plaintiff's counsel conducted extensive formal and informal discovery. Considering the disputed issues between the Parties are legal, *not* factual, in nature, and that the Parties have exchanged information and documents concerning the Plaintiff's allegations, Defendant's defenses, and potential damages, the Parties have exchanged sufficient information to make an informed decision about settlement. *See e.g., Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998).

The FDCPA and RFDCPA each limit class damages to the lesser of $500,000 or 1% of the Defendant's net worth. Fed. R. Civ. P. 1692k(a)(2)(B); Cal. Civ. Code 1788.17. Here, Defendant's class liability is respectively capped under

the FDCPA and RFDCPA at $30,000.00. Plaintiff recovered the maximum class damages available under both statutes, as well as obtaining a permanent injunction that is not available to private litigants that would subject Defendant to uncapped civil liability if this Court were to find that Defendant later violates the terms of the Court's injunction.

As stated in the Plaintiff's motion for preliminary approval, considering there are at least 100,000 class members, each class member's potential *per capita* recovery at trial would be *de minimus*. In light of this fact, in addition to a *cy pres* award of the full class damages cap, the proposed settlement provides for injunctive relief to the Settlement that would subject Defendant to uncapped civil liability if this Court were to find that Defendant later violates the terms of the Court's injunction.

Moreover, a trial in this case would be expensive and lengthy and continued litigation would deplete Defendant's resources to pay any judgment or possible future settlement making early settlement even more valuable to the proposed class members. Considering the uncertainties of trial, the difficulty in ultimately proving liability against Defendant, and perhaps most importantly the limited release of claims, the proposed settlement is clearly fair, reasonable, and adequate. The settlement was negotiated at arms-length by experienced and capable Settlement Class Counsel, who now recommend its approval. As proven by the affidavits attached to Plaintiffs' motion for preliminary approval, Settlement Class Counsel are experienced consumer class action lawyers and well qualified to assess the prospects of their case and to negotiate a favorable resolution for the class. (Docs. 72-2 and 73-3.)

***3. Experience and Views of Counsel***

Based upon the foregoing, and upon a rigorous analysis of the benefits which this Agreement affords to Settlement Class Members and the promotion of the policies of the FDCPA and the RFDCPA, Settlement Class Counsel considers it to

be in the best interest of the Settlement Class to enter into this Stipulation of Settlement.

***4. Presence of Governmental Participant and Reaction of Class Members to Proposed Settlement***

There was neither a government participant in this case. Moreover, as noted above, no class member elected to object to, or opt-out of, the class settlement. The lack of class member objections and opt-outs is indicative of class-wide support. That said, even if there were opposition to the settlement by a majority of the class this would not be an automatic bar to the Court's approval if the Court, after weighing all the strengths and weaknesses of the case and the risks of litigation, finds the settlement to be fair and reasonable. See e.g., *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1304 (2d Cir. 1990).

***C. The Settlement Was Not The Product Of Fraud Or Collusion.***

***1. The Plaintiff's Damages and Incentive Awards are Appropriate***

The Parties negotiated the proposed settlement at arms-length. Plaintiff did not use the class action procedure to gain a more beneficial settlement for himself. Plaintiff's $3,500.00 payment is justified by the settlement of his individual claims and by his willingness to serve as the Settlement Class Representatives and are in line with other settled FDCPA class actions involving identical facts and legal claims and other FDCPA cases. See e.g., *Foti v. NCO Fin. Sys., supra.; Gravina v. United Collection Bureau*, 2010 U.S. Dist. LEXIS 142718 (E.D.N.Y. Nov. 29, 2010) ($1,500.00 incentive award to each class representative); *Anderson, et al. v. Nationwide Credit, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:08-cv-01016-LDW-ETB (same); *Gravina v. Client Services, Inc.*, E.D.N.Y. Case No. 2:08-cv-03634-LDW-MLO (same); *Harrigan v. Receivables Performance Management, LLC*, U.S. District Court, N.D.N.Y. Case No. 8:09-cv-01351-RFT (same); *Gravina v. United Collection Bureau, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT (same); *Gravina, et al. v. National Enterprise Systems, Inc.*,

U.S. District Court, E.D.N.Y. Case No. 2:09-cv-02942-JFB-GRB (same); *Zirogiannis v. Professional Recovery Consultants, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:11-cv-00887-LDW-ETB (same); and *Lagana v. Stephen Einstein & Associates, P.C. et al.*, U.S. District Court, S.D.N.Y. Case No. 1:10-cv-04456-KMW-GWG (same); see also, *Rodriguez v. West Publishing Corporation*, 563 F.3d 948, 958-59 (9th Cir. 2009).

***2. Class Counsels' Attorneys' Fees and Costs Are Appropriate***

Here, Defendant agrees that Settlement Class Representative Plaintiff is the successful party in this Action and further agrees to pay reasonable attorneys' fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30(c). [*Doc. 22* at ¶2.3(e)]. Settlement Class Counsel are separately moving for their fees and costs will accept the amount of fees and expenses awarded by the Court in full satisfaction of their reasonable attorney's fees and costs arising out of this lawsuit and will not request additional fees from Defendant, Settlement Class Representative Plaintiff, or any Settlement Class Member.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request the Court grant their motion and enter the attached Final Approval Order.

Respectfully submitted,

Dated: September 4, 2012

MCCOY, TURNAGE & ROBERTSON, LLP

By: s/ldm@mtrlaw.com
Lilys D. McCoy

Attorneys for Plaintiff, Sergio Cedeno, and all others similarly situated

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is 5469 Kearny Villa Road, Suite 206, San Diego, California 92123. On the date shown below, I served the preceding document on the persons below, as follows:

Charles R. Messer, Esq.
cmt@cmtlaw.com
CARLSON & MESSER, LLP
5959 West Century Blvd., Suite 1214
Los Angeles, CA 90045

[] By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 5, 2012

s/Lilys D. McCoy
ldm@mtrlaw.com
Attorney for Plaintiff and the Class