JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SERGIO CEDENO, an individual; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF COLLECTION RECOVERY, INC., a Minnesota Corporation; *et al.*, <br><br> Defendants. | Case No.: 8:10-cv-01960-JVS (FFMx) <br><br> **FINAL ORDER AND JUDGMENT** |

This matter having coming before the Court on the motion by Plaintiff, SERGIO CEDENO, for final approval of a class-wide settlement agreement including certification of a settlement class, grant of an injunction, approval of class counsel, and awarding attorneys' fees and costs, and the Court having reviewed the papers submitted; and

It appearing to the Court that:

    A.    On June 18, 2012, this Court entered a Preliminary Approval Order which, among other things, certified this case, to proceed as a class

action for settlement purposes only, defined the Settlement Class,[1] and Settlement Class Claims, appointed Settlement Class co-counsel, preliminarily approved a proposed settlement which would be binding on the Settlement Class, and provided for notice to the Settlement Class including an opportunity for Settlement Class members to object to, or opt-out of, the proposed settlement.

B. The proposed class was preliminarily certified under Fed R. Civ. P. 23(b)(2), which does not require notice to the Settlement Class Members; however, pursuant to the Parties' Stipulation, the Court ordered Defendant to place a summary advertisement notifying the Settlement Class members of the Settlement in one weekday edition of *The Orange County Register*, at least two weeks before the final fairness hearing to provide Settlement Class members an opportunity to opt-out of, or object to, the Settlement.

C. No opt-outs or objections were received with respect to the Stipulation of Settlement.

D. In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement ("Stipulation") was provided to the Court with Plaintiff's Motion seeking the entry of the Preliminary Approval Order.

E. In the Stipulation, Defendant, Bureau of Collection Recovery, LLC, consented to the entry of a permanent injunction mandating that it use its best efforts to ensure that it identifies itself by its legal name in all telephone messages left for consumers, and that it further discloses the call is from a debt collector and concerns the collection of a debt.

F. In accordance with the Preliminary Approval Order and Fed. R. Civ. P.

---

[1] Unless otherwise stated, all capitalized terms have the meanings set forth in the Stipulation of Settlement filed in this case on May 4, 2012 (ECF No. 22.-1.)

-1-

[PROPOSED] FINAL ORDER AND JUDGMENT

|   |   |   |
|---|---|---|
| | | 23(e)(2), the Court held a fairness hearing on November 19, 2012, to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate, and the Court provided all persons present at the hearing with an opportunity to be heard with respect to this action; |
| | G. | The Parties appeared through their respective counsel at the November 19, 2012, hearing and no opt-outs or written objections have otherwise been received by the Parties or the Court; |
| | H. | the Court having issued and adopted its tentative ruling, which granted Plaintiff's Consent Motion for an Order Granting Final Approval of Class Action Settlement and Injunctive Relief, and further granted Plaintiff's Motion for Attorneys' Fees and Costs; |
| | I. | And the Court being duly advised in the premises, |

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Court confirms its certification of this action in the Preliminary Approval Order as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

   A. defines the "Settlement Class" as all residents of the State of California who received a voice message left by Defendant on a telephone answering device where such message did not provide meaningful identification of Defendant as the caller, state the purpose or nature of the communication, or disclose that the message was left by a debt collector which message was left during a period beginning on December 27, 2009, and ending on June 18, 2012, which is the date of the Preliminary Approval Order; and

   B. defines the "Class Claims" as those claims arising from: messages left by Defendant for Class Members on telephone answering devices which messages failed to meaningfully identify the Defendant as the

1 2      caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector.

3      2.     Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff as the Settlement Class Representative and Lilys D. McCoy and William F. Horn as Settlement Class Counsel.

6      3.     The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   A.   The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   B.   There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

   C.   Plaintiff's claims are typical of the claims of the Settlement Class Members;

   D.   Plaintiff and Settlement Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

   E.   Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy.

4.     The Court finds that the notice provided to the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

5.     The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Stipulation, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members and other prospective consumers; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class Members; and the limited amount of any potential total recovery for the class.

6. The Court approves the award to Plaintiff of $2000.00 as statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b), as well as an additional $1000.00 for his services to the Settlement Class; the Court finds that a modest incentive compensation award is appropriate.

7. The Court approves the disbursement of the *cy pres* payment provided for in the Stipulation to the following charitable institutions, as follows: The National Consumer Law Conference in the amount of $30,000.00; and Legal Aid Association of California in the amount of $30,000.00.

8. The Court approves the award of attorneys' fees and costs to Settlement Class Counsel in the amount of $40,000.00 and declares such fees and costs to be fair and reasonable.

9. The Parties are directed to implement the settlement in accordance with the Stipulation.

10. In further accordance with the Stipulation:

   A. <u>Settlement Class Representative Plaintiffs</u>: Upon Ultimate Approval of the Settlement, all Settlement Class Representative Plaintiffs will be deemed to have released, and by operation of the Final Approval Order shall have fully, finally, and forever released, relinquished and discharged Defendant and Defendant's Related Parties or any one of them, separately or jointly, from any and all claims or causes of action whatsoever, including Unknown Claims, arising out of or relating to the allegations and/or claims asserted in the Action arising out of state or federal law.

   B. <u>Other Settlement Class Members</u>. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, upon Final Approval of the Settlement, all Settlement Class Members will be deemed to have released, and by operation of the Final Approval Order

-4-

shall have fully, finally, and forever released, relinquished, and discharged Defendant from any and all claims for damages or injunctive relief for its violations of 15 U.S.C. §§ 1692d(6) and 1692e(11), and Cal. Civ. Code §§ 1788.11(b) and 1788.17 that arise out of, or are related to the identical factual predicate asserted in the Action arising out of state or federal law, including any and all such claims relating to Defendant's use of voice messages on telephone answering devices.

11. Defendant, Bureau of Collection Recovery, LLC, is enjoined as follows starting December 19, 2012, which is the date this Order becomes Final:

A. Defendant shall Defendant use its best efforts to ensure that it identifies itself by its legal name in all telephone messages left for consumers, and that it further discloses the call is from a debt collector and concerns the collection of a debt;

B. In accordance with Fed. R. Civ. P. 65(d)(2), this injunction is binding on Defendant, its officers, agents, servants, employees and attorneys, as well as all those in active concert or participation with any of them; and

C. In any proceeding seeking relief based on Defendant's violation of this injunction, Defendant may not be held in violation if Defendant "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c).

D. Defendant may petition the Court to modify or dissolve the terms of this injunction in the event that the requirements for leaving telephone messages and for disclosing the identity of the

caller is changed under the Fair Debt Collection Practices Act or other applicable legislation or common law.

The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Agreement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs or fees.

**IT IS SO ORDERED:**

_____
HONORABLE JAMES V. SELNA
Judge, United States District Court

Dated: December 07, 2012